# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| RICHARD SMITH, MARK LITTLE, AND LARRY GARRETT<br>*Plaintiffs,*<br><br>v.<br><br>W.D. HILTON, JR. et al.<br><br>*Defendants.* | CASE NO. 6:16-CV-913-RWS-JDL |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("R&R"), which contains his proposed findings of fact and recommendation, has been presented for consideration (Doc. No. 37). The Magistrate Judge recommended denying Plaintiffs' motion for remand (Doc. No. 21), and recommended granting Defendants' motion to transfer (Doc. No. 9). Plaintiffs filed objections to the R&R (Doc. No. 40), to which Defendants filed a response (Doc. No. 42). Because the instant motions are non-dispositive, the Court reviews the Magistrate Judge's findings for clear error. 28 U.S.C. § 636 (A).

Plaintiffs' primary objection to the Magistrate Judge's R&R is that the Magistrate Judge erred in finding jurisdiction because there cannot be post-confirmation bankruptcy jurisdiction. (Doc. No. 40 at 1). But this characterization oversimplifies the inquiry for the court. Specifically, Plaintiffs object to the Magistrate Judge's statement that "any alterations to the trust, including the removal or suspension of the trustees, will affect the distribution of the debtor's assets with respect to how any currently unresolved or any future claims will proceed

and be paid." (Doc. No. 40 at 2). However, as the Magistrate Judge goes on to explain, the trust assets arising from the estate are what are called into question by Plaintiffs' allegations, specifically finding that "Plaintiffs' claims not only call into question the actions of the trustees negotiated for and confirmed as part of the trust agreement during reorganization, but also call for the removal of these trustees confirmed by the bankruptcy court." (Doc. No. 37, at 6). The Magistrate Judge further explained that if Plaintiffs' claims are meritorious and the state court were to replace the trustees with a single receiver—as Plaintiffs request in their complaint—that action would "contradict § 5.01 of the agreement confirmed by the bankruptcy court that states '[t]here shall be three Trustees at all times…' " (Doc. No. 37, at 6 (citing Doc. No. 31-1 at 10)). Therefore, the Magistrate Judge concluded that "[b]ecause Plaintiffs' claims call into question the reorganization under chapter 11 through the creation of the trust, and specifically the appointment of the trustees, the claims are sufficiently related to the bankruptcy proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b)." (Doc. No. 37 at 6). Here, while the claims are directed to the trust arising from the bankruptcy proceedings, the Court agrees with the Magistrate Judge that Plaintiffs' claims ultimately confer jurisdiction because they not only relate to, but call into question, specific orders and provisions of the trust created out of the bankruptcy that were an integral component of the execution of the estate.

Plaintiffs also object to the Magistrate Judge's consideration of the jurisdiction retention clause. (Doc. No. 40 at 3). Plaintiffs object to the Magistrate Judge's consideration of this clause as somehow determining that Plaintiffs' claims were "core proceedings." (*Id.*) However, the Magistrate Judge did not rely on this clause to determine these claims amounted to "core proceedings," but instead considered this clause with respect to the question of transfer to point out that the parties had intended the bankruptcy court to maintain jurisdiction over

claims such as these. (*See* Doc. No. 37 at 7 ("[a]lthough there is no currently pending bankruptcy action and the estate is closed, the bankruptcy court, and the parties to the trust agreement, clearly intended for the bankruptcy court to maintain jurisdiction over these claims. For example, Section 7.12 of the trust agreement states that '[a]ny disputes which arise under this Agreement, or any annexes hereto, shall be resolved by the [bankruptcy] Court.' ")).

Plaintiffs cite to *In re ACandS, Inc.* as "completely undermin[ing] the Magistrate's Recommendation." (Doc. No. 40 at 4 (citing 2011 WL 3471243 (Bankr. D. Del. Aug. 8, 2011))). This case, however, specifically recognizes that there can be post-confirmation jurisdiction when "there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *In re ACandS*, 2011 WL 3471243, at *3 (internal quotations omitted). Specifically, the court stated that "[t]he critical inquiry is not strictly whether the plan must be interpreted to resolve the dispute, it is rather whether the resolution of the dispute will have any affect on the 'interpretation, implementation, consummation, execution, or administration of the confirmed plan.' " *Id.* at *4 (quoting *In re Resorts Int'l*, 372 F.3d 154, 167 (3d Cir. 2004)). Here, as explained above, the Magistrate Judge explained how Plaintiffs' claims directly call into question the interpretation and implementation of the plan, and would effectively require the re-writing of that plan to remove the trustees and grant Plaintiffs the relief requested in their complaint. Therefore, the Court does not believe that this case undermines the Magistrate Judge's conclusion.

Finally, Plaintiffs object to the Magistrate Judge's reliance on *Matter of Case*. (Doc. No. 40 at 4.) Plaintiffs do not specifically explain the objection to the Magistrate Judge's application of *Case*, but it appears from the briefing that Plaintiffs contend the principles of *Case* cannot be applied to a situation where a debtor is not the claimant. (Doc. No. 40 at 4–5.) However,

nothing in *Case* suggests it should be read so narrowly. As the Magistrate Judge explained, the relevant inquiry, as set forth in *Case*, "is whether the nature of the adversary proceeding, rather than the state or federal basis for the claim, falls within the core of bankruptcy power." (Doc. No. 37 at 5 (quoting *Matter of Case,* 937 F.2d 1014, 1020 (5th Cir. 1991))). Therefore, the Magistrate Judge concluded that "simply because the bankruptcy has been confirmed and the estate closed, does not foreclose a later proceeding warranting jurisdiction from arising, particularly where the proceeding involves a dispute over a product of the negotiations of the bankruptcy." (Doc. No. 37, at 5). The Court agrees with this conclusion and finds no error in the Magistrate Judge's application of *Case*.

No part of the Report and Recommendation of the United States Magistrate Judge "is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Therefore, the Court adopts as the findings of this Court. All objections are **OVERRULED**, and Plaintiffs' Motion for reconsideration (Doc. No. 40) is **DENIED**. Plaintiffs' Motion to Remand (Doc. No. 21) is **DENIED** and Defendants' Motion to Transfer (Doc. No. 9) is **GRANTED**.

The Clerk is directed to transfer this case to the District of Delaware to be further referred to the Bankruptcy Court for adjudication.

**SIGNED this 26th day of October, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE